# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | No. 3:19-CR-597-E |
| | ) | |
| TRIVIKRAM REDDY | ) | |

## MEMORANDUM OPINION AND ORDER

By electronic order of reference dated April 10, 2020 (doc. 31), before the Court is *Defendant's Motion to Reopen the Issue of Detention*, filed April 6, 2020 (doc. 29). Based on the relevant filings, the evidence of record in the prior detention hearing, and the applicable law, the motion is **DENIED**.

## I. BACKGROUND

Trivikram Reddy (Defendant) was charged by indictment with conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349 on November 20, 2019. (*See* doc. 1.) He was arrested in the Eastern District of Virginia and made his initial appearance there on December 18, 2019, and he was ordered detained pending his removal to this district. (*See* doc. 6 at 2.) He appeared in this district on January 13, 2020, and after a detention hearing, he was ordered detained. (*See* docs. 8-10.) The Court found that the government had met its burden to establish by a preponderance of the evidence that Defendant was a flight risk. Five days after a civil investigative demand was served on one of his three medical clinics, he filed paperwork to terminate his business, and five days after that, he transferred $43 million to his mother's bank account in India. He also had his mail forwarded to a post office box and made additional transfers of money to his mother's bank account from the accounts for his other two clinics. Defendant met with the government to proffer on July 9, 2019, and less than two weeks later, he transferred additional funds to India. His wife and

children left for India around that time. Defendant subsequently sold a shopping center he owned for $3 million. In total, he transferred more than $55 million to his mother's account, and his bank accounts had only $17,000 remaining at the time of arrest. His car registration expired in September 2019, and his home was in his mother's name. In October 2019, Defendant also traveled to India, of which he is a citizen. He had not previously traveled to India since he arrived in the United States in 2006.

Defendant now seeks pretrial release to home confinement due to the outbreak of COVID-19 on grounds that his detention facility does not have the ability to implement prevention methods or to provide the medical treatment required to treat it. (*See* doc. 29 at 4-6.)

## II. 18 U.S.C. § 3142(f)(2)

Defendant seeks to reopen the matter of detention on the basis of new evidence regarding the reasons for his trip to India and the transfers of money.

Section 3142(f)(2)(B) of Title 18 provides that a detention hearing

> may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

The Fifth Circuit has interpreted this standard as requiring "new" information. *U.S. v. Stanford*, 367 F. App'x 507, 510 (5th Cir. Feb. 17, 2010) (per curiam)(citing *United States v. Hare,* 873 F.2d 796, 799 (5th Cir.1989). New and material information for purposes of § 3142(f)(2)(B) consists of "truly changed circumstances, something unexpected, or a significant event," and courts have interpreted the requirements of this provision strictly. *U.S. v. Jerdine,* 2009 WL 4906564 (N.D. Ohio Dec. 18, 2009) (affirming district court's decision not to reopen detention hearing based on proffered

testimony of defendant's family members and a friend, because the proffered information was not new) (citing, in part, *Hare,* 873 F.2d at 799); *c.f. U.S. v. Rodriguez-Adorno*, 606 F.Supp.2d 232, 238-239 (D.P.R. 2009) (also citing *Hare*). Conclusory allegations that information is newly discovered do not suffice; a party seeking to reopen detention must show how the evidence was discovered and why it was previously unavailable. *See U.S. v. Stanford*, 341 F. App'x 979, 984 (5th Cir. Aug. 24, 2000).

Defendant proffers that he comes from a reputable family in India, and that through his family's contacts, he was able to get materials for his practice as a licensed nurse practitioner on credit without having to repay the balance for several years, but at a high interest rate. (*See* doc. 29 at 11.) He claims that after he elected to wind down his business, he was required to repay the loan, and that repayment was the reason for the transfer of $55 million to his mother's account and the trip to India, although his trip to India was also for the purpose of embarking on a religious pilgrimage with his family. (*Id.* at 11-13.) He also claims that it has taken months to obtain an affidavit from the lender, which he attaches. (*Id.* at 12; doc. 29-3.)

Although the affidavit in support of his claim regarding business-related debt was just recently obtained, Defendant has not shown that information exists that was not known to him at the time of the detention hearing. The reasons for the money transfers and the trip to India were either known to him, or should have been known to him, at the time of the detention hearing. *See United States v. Munguia*, No. 3:19-cr-191-B, 2020 WL 1471741, at *3 (N.D. Tex. Mar. 26, 2020) (courts have interpreted § "3142(f)'s 'not known to the movant at the time of the hearing' 'language to mean not just actual knowledge, but also constructive knowledge, i.e., knowledge that one using reasonable care or diligence should have, and therefore that is attributed by law to a given

3

person.'"). In fact, his attorney cross-examined the government's witness regarding the religious holiday for which Defendant's family allegedly made the pilgrimage. He has not explained why other evidence of the reasons for the transfers and trip, such as a proffer, was previously unavailable. *See Stanford*, 341 F. App'x at 984. Section 3142(f) "is not properly employed as a vehicle for granting a do-over to present evidence that a defendant knew [or should have know that] he could have investigated – and now wishes he had run down – before the detention hearing." *Munguia*, 2020 WL 1471741, at *4; *Hare,* 873 F.2d at 799 (testimony of family and friends regarding appearance in prior prosecutions was not new evidence). Defendant has not shown the existence of new information that warrants the reopening of the detention hearing.[1]

### III. 18 U.S.C. § 3142(i)

Defendant alternatively seeks temporary release, contending that the COVID-19 pandemic constitutes a compelling reason for release. (*See* doc. 29 at 13-18.)[2]

Section 3142(i) states that after a defendant has been detained,

> the judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of the United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

---

[1] Even if the hearing was reopened and the affidavit considered, however, it does not change the conclusion that the government met its burden of persuasion by a preponderance of the evidence. The termination of the business and money transfers began five days after the service of a civil investigative demand, and other transfers were initiated after Defendant's proffer with the agents. He and his family have citizenship in India, where the money was transferred, and he no longer appears to have any employment or property ties to the community.

[2] COVID-19 is an infectious disease caused by a new virus, and its resulting respiratory complications have resulted in thousands of deaths around the world and in the United States. *See United States v. Morris,* No. 3:19-CR-573-B, 2020 WL 1694301, at *4 (N.D. Tex. Apr. 6, 2020) (citations omitted). According to the Center for Disease Control (CDC), persons with underlying medical conditions, such as heart disease, lung disease, diabetes, asthma, and obesity, are at a higher risk of developing serious COVID-19 illness. *See id.* (citations omitted). The CDC has acknowledged the particular challenges faced by correctional and detention facilities in controlling the transmission of COVID-19. *See id.* (citations omitted).

18 U.S.C. § 3142(i). The defendant bears the burden to show that temporary release is necessary. *United States v. Wright,* No. 3:18-cr-635-N, 2020 WL 1694298, at *4 (N.D. Tex. Apr. 7, 2020), quoting *United States v. Buswell,* No. 11-CR-198-01, 2013 WL 210899, at *5 (W.D. La. Jan. 18, 2013); *United States v. Slaughter*, No. 3:18-cr-00027, 2020 WL 1685117, at *2 (S.D.Tex. Apr. 6, 2020).

Courts have noted the limited existence of authority delineating what constitutes a "compelling reason" under § 3142(i). *Id.*, quoting *United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895, at *4 (D. Kan. Mar. 25, 2020). Although a medical condition may suffice, relief has typically been granted only sparingly, such as where the defendant is suffering from a terminal illness or serious injuries. *Id.* at *5, citing *Clark*. Nevertheless, requests for release in light of the COVID-19 pandemic have been considered under the "compelling reason" prong of § 3142(i). *See id.,* citing *Clark*. Courts using this approach have found that generalized COVID-19 fears and speculation are insufficient to meet this prong and have instead looked to the specificity of the defendant's concerns in order to make an individualized determination of whether temporary release is warranted. *See United States v. Terrone,* No. 3:19-CR-00058-RCJ-CLB, 2020 WL 1844793 (D. Nev. Apr. 10, 2020), citing *Clark*, 2020 WL 1446895, at *3; *United States v. Sanchez,* No. 1:19-CR-152, 2020 WL 1814159, at *3–5 (M.D. Pa. Apr. 9, 2020); *Slaughter*, 2020 WL 1685117, at *2; United States v. Martin, No. PWG-19-140-13, 2020 WL 1274857, at *3 (D. Md. Mar. 17, 2020).[3]

In this case, Defendant has presented no specific considerations relating to him. He does not

---

[3] In *Clark*, the court enumerated four factors to be considered as a whole while making this determination: "(1) the original grounds for the defendant's pretrial detention; (2) the specificity of the defendant's stated COVID-19 concerns; (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant; and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others." 2020 WL 1446895, at *3. While these factors provide a useful guide, a detailed analysis of all four appears unnecessary where, as here, the defendant has presented only generalized concerns.

allege that there is an outbreak at the facility where he is being detained. *See United States v. Aguirre-Maldonado,* No. 20-cr-53 (NEB/TNL), 2020 WL 1809180, at *2 (D. Minn. Apr. 9, 2020); *United States v. Busby*, No. 2:19-cr-143-Z-BR (N.D. Tex. Mar. 30, 2020), doc. 41 at 5. He does not allege that he has any underlying condition that makes him more susceptible to severe illness from COVID-19. *See United States v. Fason*, No. 1:11-cr-12-21, 2020 WL 1820581, at *2 (N.D. Ohio Apr. 10, 2020). Nor does he alleged that he has been exposed to anyone who is symptomatic or has been diagnosed with COVID-19. *See Wright,* 2020 WL 1694298, at *6; *United States v. Adamu*, No. (S1) 18 Cr. 601 (PGG), 2020 WL 1821717, at *5 (S.D.N.Y. Apr. 10, 2020). He does not allege that the measures in place at his detention facility are insufficient to address his generalized concerns. *See Wright,* 2020 WL 1694298, at *6, citing *United States v. Morris,* No. 3:19-CR-573-B, 2020 WL 1694301, at * (N.D. Tex. Apr. 6, 2020) (citations omitted). In *Wright*, the court noted that "'[a]s for local pretrial detention facilities the Marshals Service contracts with, each has their own internal procedures as to how they are dealing with the COVID-19 virus and are following CDC guidelines to the best of their ability. Each facility has updated their intake procedures, which includes screening each new inmate for the COVID-19 symptoms, and will deny entry into their facility if an inmate demonstrates any symptoms.'" *Id.* at 6; *see also Morris,* 2020 WL 1694301, at *5 ("The United States Marshal's Office for the Northern District of Texas has confirmed that all of the facilities in which it houses federal detainees are implementing practices to protect detainees in accordance with CDC guidelines."). Defendant's generalized concerns alone are insufficient to show a compelling reason for temporary release. *See Terrone,* 2020 WL 1844793; *Adamu*, 2020

6

WL 1821717, at *5; *Slaughter*, 2020 WL 1685117, at *2.[4]

Moreover, as noted, Defendant was found to be a flight risk based on the timing of his transfers of $43 million to his mother's account in a foreign country and the termination of his business shortly after receiving a civil investigative demand. Other transfers were initiated after Defendant's proffer with federal law enforcement the agents, and in all, he admittedly transferred approximately $55 million. He and his family have citizenship in India, where the money was transferred, and he no longer appears to have any employment or property ties to the community.

"While Defendant's concerns about the pandemic are not without merit, that alone is insufficient to warrant release without consideration of the Section 3142(g) [detention] factors." *United States v. Okhumale*, No. 3:20-cr-122-L, 2020 WL 1694297, at *6 (N.D.Tex. Apr. 7, 2020); *see also United States v. Kerr*, No. 3:19-cr-296-L, 2020 WL 1529180, at *3 (N.D. Tex. Mar. 31, 2020) ("the court cannot not release every detainee who may be at risk of contracting COVID-19, as it would then be required to release all detainees."). On this record, Defendant has not shown a compelling reason that temporary release is necessary.

## IV. CONCLUSION

Defendant's motion is **DENIED**.

**SO ORDERED** on April 13, 2020.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[4] Defendant cites *United States v. Stephens*, __F. Supp.3d__, 2020 WL 1295155, at *3 (S.D.N.Y. Mar. 19, 2020), in which the court found that the defendant had met his burden by demonstrating at least one compelling reason, namely the obstacles to the preparation of his defense caused by COVID-19. In that case, however, the defendant presented evidence that the detention facility did not permit legal visits or legal calls between him and his attorney. Defendant does not allege that he is not permitted legal calls; the government specifically alleges that confidential legal calls are being allowed. (*See* doc. 30 at 11.)