# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 3:19-CR-597-E |
| | ) | |
| TRIVIKRAM REDDY | ) | |

## MEMORANDUM OPINION AND ORDER

By electronic order of reference dated March 17, 2021 (doc. 64), before the Court is *Defendant's Motion for Temporary Release to Home Confinement Based Upon the COVID-19 Pandemic*, filed July 21, 2020 (doc. 37). Based on the relevant filings and applicable law, the motion is **DENIED AS MOOT**.

## I. BACKGROUND

Trivikram Reddy (Defendant) was charged by indictment with conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349 on November 20, 2019. (*See* doc. 1.) He was arrested in the Eastern District of Virginia and made his initial appearance there on December 18, 2019, and he was ordered detained pending his removal to this district. (*See* doc. 6 at 2.) He appeared in this district on January 13, 2020, and after a detention hearing on that date, he was ordered detained. (*See* docs. 8-10.) The Court found that the government had met its burden to establish by a preponderance of the evidence that Defendant was a flight risk. (*See* doc. 10.) Five days after a civil investigative demand was served on one of his three medical clinics, he filed paperwork to terminate his business, and five days after that, he transferred $43 million to his mother's bank account in India. He also had his mail forwarded to a post office box and made additional transfers of money to his mother's bank account from the accounts for his other two clinics. Defendant met with the government to proffer on July 9, 2019, and less than two weeks later, he transferred

additional funds to India.  His wife and children left for India around that time.  Defendant subsequently sold a shopping center he owned for $3 million.  In total, he transferred more than $55 million to his mother's account, and his bank accounts had only $17,000 remaining at the time of arrest.  His car registration expired in September 2019, and his home was in his mother's name.  In October 2019, Defendant also traveled to India, of which he is a citizen.  He had not previously traveled to India since he arrived in the United States in 2006.  (*See id.*)

On April 6, 2020, Defendant sought to reopen the issue of detention and to be temporarily released to home confinement due to the outbreak of COVID-19 on grounds that his detention facility did not have the ability to implement prevention methods or to provide the medical treatment required to treat it.  (*See* doc. 29 at 4-6.)  The motion was denied by order dated April 13, 2020, because he had not shown the existence of new information that warranted reopening the detention hearing, and his general concerns regarding COVID-19 did not constitute a compelling reason warranting temporary release.  (*See* doc. 32.)  Defendant again sought temporary release on grounds of a COVID-19 outbreak at his prison facility and a need to prepare his defense.  (*See* doc. 37.)  The Government responded that he had not demonstrated that the facility was unprepared to address the outbreak or unable to facilitate communication with his defense attorney.  (*See* doc. 38-1.)

Subsequently, on September 17, 2020, the parties filed plea papers, and Defendant entered a plea of guilty to a superseding information charging a violation of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349.  (*See* docs. 41-43, 45, 50-51.)  His plea was accepted on November 10, 2020, and is currently set for sentencing on May 5, 2021.  (*See* docs. 52, 63.)

## II.  18 U.S.C. § 3142(i)

Prior to entry of his plea of guilty, Defendant sought temporary release under 18 U.S.C. §

3142(i), citing a COVID-19 outbreak at his facility and his need to prepare his defense as compelling reasons for release.  Section 3142(i) states that after a defendant has been detained,

> the judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of the United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

18 U.S.C. § 3142(i).  The defendant bears the burden to show that temporary release under this statute is necessary. *United States v. Slaughter*, ––– F. Supp. 3d –––––, 2020 WL 1685117, at *2 (S.D. Tex. Apr. 6, 2020).

Section 3142(i) applies to a defendant who is detained while awaiting trial.  *United States v. Morris*, 452 F. Supp. 3d 484, 487 (N.D. Tex. 2020).  As noted in *Morris*, the United States Court of Appeals for the Fifth Circuit has not addressed whether § 3142(i) applies to a defendant such as Defendant, who is now detained while awaiting sentencing.  *Id.* at 486.  Courts in this circuit which have considered the issue have found that § 3142(i) does not apply in that context, however.  *See United States v. Stern*, 465 F. Supp. 3d 699, 701-02 (S.D. Tex. 2020) (citing *Morris*, 452 F. Supp. 3d at 487); *see also United States v. Thomas*, 452 F. Supp. 3d 479, 481-82 (N.D. Tex. 2020); *United States v. Stephens*, No. 19-37, 2020 WL 4504446, at *2 (E.D. La. Aug. 5, 2020).  Instead, § 3143(a) provides the applicable standard for determining whether release is appropriate.  *See id.* at 702; *Morris,* 452 F. Supp. 3d at 489.  Defendant's pretrial motion for temporary release under § 3142(i) is therefore denied as moot, and his motion is considered under § 3143(a).

### III.  18 U.S.C. § 3143

Section 3143(a)(1) states:

> Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C.

> 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C. § 3143(a)(1). Section 3143(a) reflects a presumption in favor of detention that attaches to a convicted defendant. *See United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016). The burden of establishing by clear and convincing evidence that he is not a flight risk or a danger community under § 3143(a)(1) falls on the defendant seeking release. Fed. R. Civ. P. 46(c).

Defendant contends that he is not a flight risk because he transferred funds to India to satisfy his business's debts to an Indian company, and that he therefore does not have access to millions of dollars there. (doc. 37 at 8.) He also reiterates his prior contention that his trip to India in 2019 was for purposes of a religious pilgrimage. (*Id.* at 9.) He concedes that the evidence presented during his detention hearing was sufficient to show by a preponderance that he was a flight risk, but argues that his additional evidence negates the Government's argument. (*Id.*) Defendant's evidence does not rise to the level of clear and convincing evidence sufficient to show that he is not a flight risk, in light of the totality of the evidence presented at the detention hearing, as recounted above. In addition to that evidence, he notes that his wife and son remain in India. (*Id.* at 12.) Finally, he has now been found guilty of a felony offense with a statutory maximum of twenty years. (*See* doc. 42 at 2.) Exposure to a lengthy prison term provides an incentive to flee. *Stern*, 465 F. Supp. 3d at 703. Defendant has not shown that post-conviction pre-sentencing release is warranted.

## IV.  CONCLUSION

Defendant's motion is **DENIED**.

4

**SO ORDERED** on April 27, 2021.


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE